UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KRISTI HARDIN,

    Plaintiff,

v.

File No. 1:13-cv-941

HON. ROBERT HOLMES BELL

INTERNATIONAL BROTHERHOOD OF
ELECTRICAL WORKERS LOCAL 665 and
SCOTT CLARK,

    Defendants.
                                                /

## **OPINION**

This action includes an employment sex-discrimination claim brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and various state-law claims arising from the same operative facts. This matter is before the Court on Defendant International Brotherhood of Electrical Workers Local 665's ("IBEW") motion to dismiss for failure to state a claim or for summary judgment (Dkt. No. 4) and Defendant Clark's motion to dismiss for want of subject-matter jurisdiction (Dkt. No. 6). Plaintiff has filed responses to both motions (Dkt. Nos. 9 and 10, respectively) to which Defendants have filed a joint reply (Dkt. No. 11). Defendants additionally request an extension of time to file an answer pending the outcome of its other motions. Also before the Court, taken from Plaintiff's first response (Dkt. No. 9), is a motion for leave to file a first amended complaint.

Three issues are before the Court. First, whether Plaintiff has properly stated a claim on which relief can be granted with respect to her Title VII claim, specifically whether Plaintiff pled facts sufficient to establish Defendant IBEW as an "employer" under Title VII. Alternatively,

whether there exists a genuine issue of material fact as to the number of "employees" Defendant IBEW has. Contingent upon these issues is whether this Court should exercise supplemental jurisdiction over Plaintiff's state-law claims against all Defendants if it dismisses her Title VII claims.

Having fully considered the arguments presented in the briefs, the Court holds that oral argument is unnecessary for the disposition of the motions. *See* W.D. Mich. LCivR 7.2(d); *see also Himes v. United States*, 645 F.3d 771, 784 (6th Cir. 2011). For the reasons that follow, the Court grants Plaintiff's motion for leave to file a first amended complaint, denies as moot Defendant IBEW's motion to dismiss for failure to state a claim, denies Defendant IBEW's motion for summary judgment, and denies as unripe Defendant Clark's motion to dismiss for lack of subject-matter jurisdiction. The Court also grants Defendants an additional 21 days from entry of the first amended complaint to file its answer.

## I. BACKGROUND

At this early state of litigation the facts are somewhat skeletal, but can be fairly summarized as follows. Plaintiff began working as a secretary at Defendant IBEW's office in early 2001 (Mot. Summ. J., Dkt. No. 5 at 5). Her last day of active employment was March 13, 2013 (*id.*). At unspecified times during her employment, Plaintiff was

> subjected to conduct of a sexual nature or because of sex. Plaintiff has been subjected by all Defendants, including Scott Clark, to jokes of a sexual nature, comments about her body that were sexual in nature, physical contact in a sexual manner such as touching and pinching. Plaintiff has been subjected to personal advances, intentional starring [sic], requests to have sex with her boss and to have a sexual affair with others and was showed [sic] pornographic pictures.

(Compl. ¶ 12, Dkt. No. 1 at 3). Iterations of these allegations form the basis of all Plaintiff's claims

2

in her ten-count complaint. Plaintiff also alleges that Defendant IBEW is an "employer" within the meaning of Title VII "as at all times relevant hereto, Defendant operated as a hiring hall and or [sic] had more than 15 members." (*id.* ¶ 5).

In September 2012, Plaintiff filed a complaint against Defendant IBEW with the Equal Employment Opportunity Commission ("EEOC") (Def.'s Reply, Dkt. No. 11 at 4). Plaintiff received a right to sue letter after the EEOC completed its investigation (Pl.'s Reps., Dkt. No. 9 at 5). On August 27, 2013, Plaintiff filed a complaint in this case against Defendant IBEW alleging sexual harassment creating a hostile work environment, retaliation, and constructive discharge. Plaintiff also alleged various state-law claims against Defendants IBEW and Clark.

## II. ANALYSIS

A. *Defendant IBEW's Motion to Dismiss and Plaintiff's Motion for Leave to File a First Amended Complaint*

Defendant IBEW argues that Plaintiff's complaint should be dismissed for failure to state a claim because Plaintiff has failed to allege that Defendant IBEW is an "employer" within the meaning of Title VII. Title VII defines an employer as an entity who "has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." 42 U.S.C. § 2000e(b). The fifteen-employee requirement is an element of a Title VII claim a plaintiff must prove, although it is not a jurisdictional question. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 516 (2006). Defendant IBEW argues that because Plaintiff alleged that it has fifteen or more *members* and not fifteen or more *employees*, that Plaintiff has failed to state a claim under Title VII on which relief can be granted. In response, Plaintiff requests leave to file an amended complaint that corrects this mistake.

3

Leave to amend a complaint may be had as a matter of course within 21 days of filing the complaint, or 21 days after service of a responsive pleading is served, if one is required, or 21 days of service of motions under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). After this period expires, leave to amend the complaint may be granted by the Court; the Court should grant such leave freely "when justice so requires." Fed. R. Civ. P. 15(a)(2).

The Court may deny such leave, however, where there exists "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Benzon v. Morgan Stanley Distrib., Inc.*, 420 F.3d 589, 613 (6th Cir. 2005) (internal quotations and citations omitted). The Sixth Circuit has held that an amendment is futile "where [the] proposed amendment would not survive a motion to dismiss." *Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 383 (6th Cir. 1993).

Here, Plaintiff requests leave to amend her complaint to include an allegation as to the number of employees IBEW had during the relevant periods of alleged discrimination, rather than the number of members it had as a union. Such an amendment would cure the sole deficiency Defendant IBEW points to as the basis of its Rule 12(b)(6) motion. Because Plaintiff's complaint would survive a motion to dismiss if it alleged that Defendant IBEW had fifteen or more employees rather than fifteen or more members, such an amendment is not futile. Further, at this early stage in litigation, such an amendment does not prejudice the other parties. The Court will therefore grant Plaintiff leave to file an amended complaint.

Because Plaintiff has not submitted a proposed amended complaint, the Court admonishes Plaintiff not to expand the scope of the complaint, add facts, or add or modify the counts. However,

4

because an amended complaint supercedes the original complaint, the Court urges Plaintiff to carefully proofread the amended complaint to correct the numerous typographical and grammatical errors littered throughout, and to carefully edit all further pleadings filed in this litigation.

In its motion to dismiss pursuant to Rule 12(b)(6), Defendant IBEW relies solely on Plaintiff's failure to allege facts that would establish that it is an "employer" within the meaning of Title VII. Because this Court is granting Plaintiff leave to amend her complaint to correct this deficiency, Defendant IBEW's motion is denied as moot.

B.  *Defendant IBEW's Motion for Summary Judgment*

Alternatively, Defendant IBEW argues that there is no genuine issue of material fact as to whether it was an "employer" under Title VII. The Federal Rules of Civil Procedure require the Court to grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In evaluating a motion for summary judgment the Court must look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

In considering a motion for summary judgment, "the district court must construe the evidence and draw all reasonable inferences in favor of the nonmoving party." *Martin v. Cincinnati Gas & Elec. Co.*, 561 F.3d 439, 443 (6th Cir. 2009) (citing *Jones v. Potter*, 488 F.3d 397, 403 (6th Cir. 2007)). Nevertheless, the mere existence of a scintilla of evidence in support of a non-movant's position is not sufficient to create a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). The proper inquiry is whether the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.*; *see generally Street v. J.C. Bradford & Co.*, 886

F.2d 1472, 1476-80 (6th Cir. 1989).

Here, Defendant states:

> There is no genuine issue of material fact concerning whether the IBEW had 15 or more employees during the relevant period. Indeed, the IBEW did not have 15 or more employees in 2011, 2012, or 2013. Therefore, as a matter of law, the IBEW is not an "employer" as defined by Title VII.

(Def.'s Br., Dkt. No. 5 at 11). Defendant IBEW attached to its motion the affidavit of Defendant Scott Clark, business manager and officer of IBEW (Aff., Dkt. No. 5-1 at ¶ 1). Defendant Clark avers, "Throughout the course of [Plaintiff]'s employment, and more particularly for each working day in each of 20 or more calendar weeks in the current or preceding calendar year, the IBEW has had less than 15 employees" (*id.* at ¶ 6).

Plaintiff counters by arguing more discovery is needed to determine the number of employees IBEW had at the time of the alleged discrimination (Pl.'s Resp., Dkt. No. 9 at 7). As evidence, Plaintiff submits data taken from Defendant IBEW's 2010 LM-2 filing[1] listing the names of seventeen persons who are identified as employees (Pl.'s Ex. 1, Dkt. No. 9-1 at 2–3). Plaintiff also avers that there is other documentation not contained in the LM-2 that would show the nature of the relationship between Defendant IBEW and the seventeen people listed in the LM-2 (Pl.'s Aff., Dkt. No. 9-2 ¶ 4). Plaintiff further avers that numerous people not listed in the LM-2 provide services to Defendant IBEW such as board members, "salts," and shop stewards, and that these persons were compensated for their services (*id.* at ¶¶ 7, 8, an d 9).

In its reply, Defendant IBEW argues that the Supreme Court has indicated that "the first and primary place to look to determine whether an individual is an employee for purposes of Title VII

---

[1] An LM-2 is an annual report that certain labor organizations are required to file with the Department of Labor. *See* 29 U.S.C. § 403.2; 29 U.S.C. § 431; 58 F.R. 67594-01.

is the employer's payroll" (Def.'s Reply, Dkt. No. 11 at 5) (citing *Walters v. Metro. Educ. Enter., Inc.*, 419 U.S. 202, 207 (1997)). This is called the "payroll method" of determining the existence of an employment relationship. Defendant IBEW argues that it has at all relevant times had less than fifteen persons on its payroll, and thus has never had the statutory minimum number of employees under Title VII (Def.'s Reply, Dkt. No. 11 at 5).

While the Supreme Court in *Walters* endorsed the payroll method as a "fair reading of the statutory language," 519 U.S. at 207, it also recognized that when evaluating whether an employer "has" 15 of more employees "the ultimate touchstone . . . is whether an employer has employment relationships with 15 or more individuals." *Id.* at 212.

In delineating what qualifies as an employment relationship where, as here, the statute does not helpfully define such[2], the Supreme Court has turned to

> the "well established" principle that "[w]here Congress uses terms that have accumulated settled meaning under . . . the common law, a court must infer, unless the statute otherwise dictates, that Congress means to incorporate the established meaning of these terms . . . In the past, when Congress has used the term 'employee' without defining it, we have concluded that Congress intended to describe the conventional master-servant relationship as understood by common-law agency doctrine."

*Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 322–23 (1992) (quoting *Cmty. for Creative Non-Violence v. Reid*, 490 U.S. 730, 579–40 (1989)) (internal citations omitted). Such factors include (1) the right to control the manner and means of work; (2) skill required: (3) source of the tools of the work; (3) locations of the work; (4) the duration of the parties' relationship; (5) whether the hiring party can assign additional tasks; (6) the hired party's discretion over where and how long to work; (7) the method of payment; (8) the hired party's role in hiring and paying assistants; (9) whether the

---

[2] 42 U.S.C. § 2000e(f) defines an employee as "an individual employed by an employer."

hired party is independently in business; (10) the provision of benefits; and (11) the tax treatment of the hired party. *Cmty. for Creative Non-Violence*, 490 U.S. at 751–52 (internal citations omitted) (noting that list is nonexhaustive and that no one factor is determinative).

Here, a genuine issue of fact exists over the number of employees Defendant IBEW "had" at the relevant time. Defendant IBEW avers it had fewer than fifteen employees, but Plaintiff has brought forth contrary evidence in the form of Defendant IBEW's LM-2 form filed with the Department of Labor that raises the possibility that at least seventeen persons had an employment relationship with Defendant IBEW. Plaintiff has also averred in her affidavit that there are others not listed in the LM-2 form that may have had an employment relationship with Defendant IBEW, such as union organizers and "salts." There is insufficient evidence in the record for this Court to determine conclusively whether fewer than fifteen of these people would qualify as employees under the common law of agency. An entry of summary judgment in favor of Defendant IBEW on this issue would therefore be premature.

Defendant IBEW maintains that the other persons Plaintiff mentions in her affidavit were only reimbursed sporadically (Def.'s Reply, Dkt. No. 11 at 5). Defendant IBEW argues that, under the Tenth Circuit's holding in *Ferroni v. Teamsters, Chauffeurs & Warehousement Local 222*, 297 F.3d 1146, 1152 (2002), isolated payments are insufficient to establish an employment relationship (Def.'s Reply, Dkt. No. 11 at 5). Defendant IBEW argues that under *Ferroni*, "union stewards are not considered employees for purposes of determining whether a union meets the statutory requirement of fifteen employees under Title VII" (*id.* at 6).

Defendant IBEW's reliance of *Ferroni* misunderstands that case's holding. The Tenth Circuit held in that case that the union stewards at issue were not employees under Title VII because the

plaintiff in that case had *only* presented evidence of isolated payments to those persons. *Ferroni*, 297 F.3d at 1152. The court contrasted that case with an Eighth Circuit case in which the plaintiff "presented evidence of a range of factors, thus permitting the court to evaluate the totality of the circumstances." *Id.* (citing *Daggitt v. United Food & Commercial Workers Int'l Union, Local 304A*, 245 F.3d 981, 987–89 (8th Cir. 2001)). The court did *not*, however, categorically hold that union stewards may never be counted as employees under Title VII. Because there has been limited or no discovery in this case, Plaintiff has not had an adequate opportunity to develop a record to allow this Court to evaluate the totality of the circumstances regarding those she asserts were employed by Defendant IBEW during the relevant statutory period.

In sum, there exists at this time a genuine issue of material fact as to whether Defendant IBEW employed, within the meaning of Title VII, more than fifteen employees during the relevant statutory period. Therefore at this time Defendant IBEW is not entitled to summary judgment.

C. *Defendant Clark and Pendant State-law Claims*

Assuming that this Court will dismiss the federal claims against Defendant IBEW, Defendants IBEW and Clark argue that this Court should decline to exercise supplemental jurisdiction over Plaintiff's state-law claims. Because the Court has declined to dismiss the federal claims or grant summary judgment on them in Defendant IBEW's favor, the Court will continue to exercise its supplemental jurisdiction during the pendency of Plaintiff's Title VII claims against Defendants IBEW and Clark. Defendant Clark's motion is therefore denied as unripe.

### III. CONCLUSION

At this early stage of litigation, the Court will grant Plaintiff's motion for leave to file a first amended complaint to allege that Defendant IBEW had fifteen or more employees, rather than fifteen

9

or more members. Such amendment renders moot Defendant IBEW's motion under Fed. R. Civ. P. 12(b)(6). Plaintiff's affidavit and exhibit, submitted in response to Defendant IBEW's motion for summary judgment under Fed. R. Civ. P. 56, have created a genuine issue of material fact as to whether Defendant IBEW employed fifteen or more employees within the meaning of Title VII during the relevant statutory period. The Court therefore denies Defendant IBEW's Rule 56 motion. Further, because the Court has not dismissed Plaintiff's federal claims, it will continue to exercise supplemental jurisdiction over her pendant state-law claims.

The Court will give Plaintiff 21 days from the entry of this Opinion to amend her complaint. The Court also grants Defendants 21 days from the time Plaintiff files her amended complaint to file an answer. After that time, the parties are directed to schedule a Rule 16 conference with the Court at which time a plan can be made for discovery and the subsequent filing of dispositive motions.

The Court will issue an Order consistent with this Opinion.


Dated: November 25, 2013                    /s/ Robert Holmes Bell
                                            ROBERT HOLMES BELL
                                            UNITED STATES DISTRICT JUDGE